IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHARLES W. SCHOLLMEYER, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06cv3093 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| ALAN BACON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on filing no. 15, the Motion to Dismiss filed by the defendants, Dodge County corrections officer Alan Bacon and Dodge County Jail Director Douglas Campbell. The plaintiff, Charles W. Schollmeyer, asserts federal civil rights claims pursuant to 42 U.S.C. § 1983, alleging that, while he was incarcerated in the Dodge County Jail, Bacon assaulted him, and then the defendants retaliated against him when the plaintiff complained of Bacon's unconstitutional use of excessive force.

Because they are government employees, each defendant has two capacities: official capacity and individual capacity. As Magistrate Judge F. A. Gossett explained in the Order on Initial Review in this case (filing no. 8), a suit against a public employee in his or her *official* capacity is actually a suit against the public employer. Kentucky v. Graham, 473 U.S. 159, 165 (1985). Therefore, a claim against a County employee, in his or her official capacity, is in reality a claim against the County. See also Eagle v. Morgan, 88 F.3d 620, 629 n. 5 (8th Cir. 1996), *quoting* Kentucky v. Graham: "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."

The basis of a claim against a city or county ("municipal liability") lies **only** in cases where a municipal "policy" or "custom" causes a constitutional violation. To be liable to the plaintiff, a city or county must have implemented an unconstitutional policy, or allowed an unconstitutional custom, which proximately caused injury to the plaintiff's rights. In other words, a county may not be held liable merely because its employees violated the plaintiff's civil rights. The county, acting through its agencies or department(s), must have implemented an unconstitutional policy, or knowingly allowed an unconstitutional custom,

which proximately caused injury to the plaintiff's rights.

The plaintiff has sued the defendants in both their individual and official capacities (filing no. 11), but he has served them with process only in their official capacity at the address of the County Clerk[1] (filing no. 12). The defendants, in their official capacity, i.e., the County, move to be dismissed from this litigation because the plaintiff has not identified any particular County policy or custom as a cause of constitutional injury to the plaintiff.

Also the defendants, in their individual capacity, move to be dismissed from this litigation, because they have not been served with process in their individual capacity. Finally, Campbell, as the jail Director, notes that he cannot be held liable to the plaintiff merely because he is a supervisor of Bacon.

As to Campbell's argument, it is true that supervisor liability under 28 U.S.C. § 1983 must be based on some form of actual and direct participation in the alleged constitutional violation. See, e.g., Meloy v. Bachmeier, 302 F.3d 845, 849 (8th Cir. 2002): "We have held a supervisor is only liable 'for an Eighth Amendment violation when the supervisor is personally involved in the violation or when the supervisor's corrective inaction constitutes deliberate indifference toward the violation.'" (Citation omitted.) See also Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003): Supervisor liability under § 1983 "can be shown in one or more of the following ways: (1) actual direct participation in the constitutional violation, (2) failure to remedy a wrong after being informed through a report or appeal, (3) creation of a policy or custom that sanctioned conduct amounting to a constitutional violation, or allowing such a policy or custom to continue, (4) grossly negligent supervision of subordinates who committed a violation, or (5) failure to act on information indicating that unconstitutional acts were occurring." (Citations omitted.)

At this point, the defendants correctly point out that (1) the plaintiff has alleged no County policy or custom which proximately caused or contributed to the injuries inflicted on the plaintiff; (2) neither defendant has been served with process in his individual capacity; and (3) no basis for supervisory liability has been alleged as to Jail Director Campbell. Therefore, in acknowledging those defects, the court grants filing no. 15 in part.

---

[1] See Neb. Rev. Stat. § 25-510.02(2).

2

However, the court also denies filing no. 15 in part, in that the plaintiff will be afforded an opportunity to amend his complaint and a chance to serve the defendants in their individual capacity.

## Claims of Excessive Force

The Eighth Circuit Court of Appeals explained the principles governing prisoner claims of excessive force in Treats v. Morgan, 308 F.3d 868, 872 (8th Cir. 2002), as follows: "The Eighth Amendment protects inmates from the unnecessary and wanton infliction of pain by correctional officers, Whitley v. Albers, 475 U.S. 312, 319 ... (1986), regardless of whether an inmate suffers serious injury as a result. Hudson v. McMillian, 503 U.S. 1, 9 ... (1992). Officers are permitted to use force reasonably 'in a good-faith effort to maintain or restore discipline,' but force is not to be used 'maliciously and sadistically to cause harm.' Id. at 7.... Factors to be considered in deciding whether a particular use of force was reasonable are whether there was an objective need for force, the relationship between any such need and the amount of force used, the threat reasonably perceived by the correctional officers, any efforts by the officers to temper the severity of their forceful response, and the extent of the inmate's injury. Id. See also Hickey v. Reeder, 12 F.3d 754, 758 (8th Cir. 1993)." Accord Fillmore v. Page, 358 F.3d 496, 503-10 (7th Cir. 2004).

THEREFORE, IT IS ORDERED:

1. That filing no. 15, the defendants' Motion to Dismiss, is granted in part and denied in part as set forth below;

2. That the plaintiff shall have until February 26, 2007, to file an Amended Complaint alleging his original claims and adding, if he wishes, a claim against the defendants in their official capacity (i.e., the County), as explained above, and a claim of supervisory liability against Douglas Campbell in Campbell's individual capacity;

3. That the Clerk of Court shall send the plaintiff two summons forms and two USM-285 forms to be completed by the plaintiff and returned to the Clerk of Court by February 26, 2007, for service of process on Alan Bacon and Douglas Campbell at the Dodge County Jail where they are presently employed;

4. That the plaintiff must fill in the forms with the names of the defendants and the address where each party is to be served; the U.S. Marshal and the court will not fill in a defendant's address on the forms; only one defendant may be named on each form;

upon receipt of the completed summons and 285 forms, the Clerk will sign each summons, to be forwarded, together with a copy of the complaint, to the U.S. Marshal for service of process; the court will copy the complaint for the plaintiff;

     5.    That the Marshal shall serve each summons and complaint without payment of costs or fees; service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal, or by personal service on the defendants if they decline to accept a summons by certified mail; and

     6.    That if the plaintiff fails to amend the complaint by February 26, 2007, or to return completed summons forms by February 26, 2007, for service of process by the U.S. Marshal on the defendants in their individual capacity, the defendants may file another motion.

January 29, 2007.         BY THE COURT:

                                      s/ *Richard G. Kopf*
                                      United States District Judge